IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

(1) RYAN RHOADES

    Plaintiff,

v.

(1) INDEPENDENT SCHOOL DISTRICT
NO. 1 OF TULSA COUNTY,
OKLAHOMA, and
(2) CHARLES JACKSON,

    Defendants.

Case No.: 21-cv-00075-TCK-CDL

ATTORNEY LIEN CLAIMED

JURY TRIAL DEMANDED

## COMPLAINT

**COMES NOW** the Plaintiff, Ryan Rhoades ("Plaintiff" or "Mr. Rhoades"), and, for his Complaint against Defendants alleges and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a citizen of Oklahoma, residing in Tulsa County, Oklahoma.

2. Defendant Independent School District No. 1 of Tulsa County (hereinafter "Tulsa Public Schools" or "TPS"), is an independent school district with its facilities and schools located in Tulsa County, Oklahoma. The TPS Campus Police Department is a division of TPS under its control and supervision.

3. Defendant Charles Jackson ("Officer Jackson") is a resident of Tulsa County. Officer Jackson was, at all pertinent times, an employee of TPS / TPS Campus Police Department, acting under color of State law and within the scope of his employment.

4. The acts giving rise to this lawsuit occurred in Tulsa County, State of Oklahoma.

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 to secure protection of and to redress deprivations of rights secured by the Fourth and/or Fourteenth Amendments to the United States Constitution as enforced by 42 U.S.C. § 1983, which provides for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law.

6. The jurisdiction of this Court is also invoked under 28 U.S.C. § 1331 to resolve a controversy arising under the Constitution and laws of the United States, particularly the Fourth and/or Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

7. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367, since claims form part of the same case or controversy arising under the United State Constitution and federal law.

8. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. [1]

## FACTUAL ALLEGATIONS

9. Paragraphs 1-8 are incorporated herein by reference.

10. Mr. Rhoades is a father of a student at Hoover Elementary School. He is a loving and devoted father, who serves on Hoover's Parent-Teacher Association.

11. August 26, 2019 was the first day of the academic year at Hoover. What should have been a joyous day quickly turned into a nightmare for Mr. Rhoades.

---

[1] Plaintiff submitted a notice of a claim, pursuant to the Oklahoma Governmental Tort Claims Act, 51 O.S. § 151 *et. seq.*, to TPS by letter, dated May 26, 2020. No action was taken by TPS to admit or deny this claim, and Plaintiff then timely filed the Complaint in this matter.

2

12. On the morning of August 26, Mr. Rhoades was pulled over by Officer Jackson at the corner of 22nd and S. Darlington Ave., an intersection directly adjacent to Hoover Elementary School.

13. When Mr. Rhoades politely asked Officer Jackson why he had been pulled over, Officer Jackson refused to answer.

14. Without disclosing the reason Mr. Rhoades had been pulled over, Officer Jackson began to write a citation on the surface of his squad car's trunk.

15. It was at this point that Mr. Rhoades began to video record the incident with his mobile device.

16. As shown in the video of the incident, Mr. Rhoades walked over to Officer Jackson and again asked, "why am I being detained?"

17. Seconds later, Mr. Rhoades attempted to get the officer's attention, stating, "Mr. Jackson…."

18. At this time, Officer Jackson saw that he was being recorded and became visibly angry.

19. Without warning, justification or rational basis, Officer Jackson forcibly tackled Mr. Rhoades to the ground. Jackson then put Mr. Rhoades in handcuffs. During the entirety of this incident, Mr. Rhoades asked why he was being detained and why he had been stopped. Officer Jackson continually refused to answer these basic questions.

20. After investigating the incident, Tulsa Public Schools determined that Officer Jackson "did not follow the district's procedures related to traffic stops."

21. Officer Jackson's use of force on Mr. Rhoades was objectively unreasonable, excessive and unconstitutional as a matter of clearly established law. When a plaintiff alleges

excessive use of force, courts apply the objective reasonableness test announced in *Graham v. Conner,* 490 U.S. 386 (1989).

22. It is well-established that "the 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham,* 490 U.S. at 397. Under this test, the court considers the totality of the circumstances. *Plumhoff v. Rickard,* 143 S.Ct. 2012, 2020 (2014).

23. "'Graham establishes that force is least justified against nonviolent misdemeanants who do not flee or actively resist arrest.'" *Morris v. Noe,* 672 F.3d 1185, 1198 (10th Cir. 2012) (quoting *Casey v. City of Fed. Heights,* 509 F.3d 1278, 1285 (10th Cir. 2007)).

24. Circuit Courts, including the Tenth Circuit Court of Appeals, routinely find that violent force used on nonviolent suspects who do not flee or actively resist arrest is unreasonable and excessive. *See, e.g., Morris,* 672 F.3d at 1198 ("Morris posed no threat to Noe or others, nor did he resist or flee. Thus, based on the facts assumed by the district court, Morris's **right to be free from a forceful takedown** was clearly established under Graham.") (emphasis added); *Casey,* 509 F.3d at 1283 (concluding that a reasonable jury could find that grabbing, tackling and "tasing" Casey, when he was not actively resisting arrest or attempting to evade arrest by flight, was "excessive and therefore unconstitutional").

25. At worst, Mr. Rhoades was suspected of a minor traffic offense. He was a nonviolent citizen who was harassed and assaulted by Officer Jackson.

26. Mr. Rhoades' lack of any criminal misconduct renders the use of force tantamount to excessive *per se*.

27. Additionally, Mr. Rhoades did not flee or "actively resist" arrest. Indeed, Mr. Rhoades was not even notified that he was being placed under arrest prior to Officer Jackson's forceful takedown.

28. This use of force was patently unnecessary, completely disproportionate, objectively unreasonable and clearly excessive.

29. Mr. Rhoades suffered damages as a direct result and proximate result of this excessive use of force, including physical pain and injury, mental and emotional anguish and humiliation.

## CAUSES OF ACTION

## CLAIM I

## EXCESSIVE USE OF FORCE

**(Fourth and/or Fourteenth Amendment; 42 U.S.C. § 1983)**

30. Paragraphs 1-29 are incorporated herein by reference.

31. At the time of the complained of events, Mr. Rhoades, as a free person, had a clearly established constitutional right under the Fourth and/or Fourteenth Amendment to be secure in his person and free from objectively unreasonable seizure through excessive force to injure him and his bodily integrity.

32. Any reasonable officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

33. In the totality of the circumstances, at the time that the violent force as used by Officer Jackson, Mr. Rhoades was: 1) committing no crime; 2) unarmed; 3) not fleeing; 4) not resisting; and 5) posed no threat to himself or anyone else.

34. Plaintiff committed no crime. And there was no probable cause to arrest Plaintiff. He never eluded any officer and certainly never resisted.

35. The use of violent force by Officer Jackson under the circumstances described herein was excessive and objectively unreasonable.

36. Officer Jackson applied objectively unreasonable and excessive physical force on Plaintiff Rhoades, thereby causing him serious bodily injures, as well as mental pain and anguish.

37. Mr. Rhoades suffered damages as a direct result and proximate result of this excessive use of force, including physical pain and injury, mental and emotional anguish and humiliation.

## CLAIM II

## NEGLIGENT USE OF EXCESSIVE FORCE

### (TPS)

38. Paragraphs 1 to 37 are incorporated herein by reference.

39. In Oklahoma, "[a] defendant is generally said to owe a duty of care to all persons who are foreseeably endangered by his conduct with respect to all risks that make the conduct unreasonably dangerous." *Morales v. City of Oklahoma City ex rel. Oklahoma City Police Dep't,* 230 P.3d 869, 878 (Okla. 2010).

40. Because, however, the act of making an arrest necessarily involves some risk of harm to the arrestee, "a police officer has a special dispensation from the duty of ordinary care not to endanger others." *Id.* at 880.

41. In particular, "[a] police officer's duty is to use only such force in making an arrest as a reasonably prudent police officer would use in light of the objective circumstances confronting the officer at the time of the arrest." *Id.*

42. Here, Officer Jackson owed a duty to Rhoades to use only such force in securing his cooperation as a reasonably prudent police officer would use in light of the objective circumstances confronting the officer at the time of the incident.

43.     Officer Jackson violated and breached that duty by using objectively unreasonable and excessive force as described herein.

44.     As a direct proximate result of Officer Jackson's negligence, Rhoades suffered actual physical injuries, mental and physical pain and suffering and other damages and losses as described herein entitling Rhoades to recover compensatory and special damages in amounts to be determined at trial.

45.     At all pertinent times, Officer Jackson was acting within the scope of his employment and TPS is vicariously liable for his negligent use of excessive force.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff prays this Court grant him the relief sought, including but not limited to actual and compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00), with interest accruing from the date of filing suit, the costs of bringing this action, a reasonable attorneys' fee, along with such other relief as is deemed just and equitable.

Respectfully submitted,

/s/Daniel E. Smolen
Daniel E. Smolen, OBA #19943
Robert M. Blakemore, OBA #18656
Bryon D. Helm, OBA #33003
**Smolen & Roytman**
701 Cincinnati Ave.
Tulsa, Oklahoma 74119
P: (918) 585-2667
F: (918) 585-2669

***Attorneys for Plaintiff***